(61 Misc. Rep. 120.)

### GOULD v. GOULD.

(Supreme Court, Special Term, New York County. November, 1908.)

1. DIVORCE (§ 215*)—TEMPORARY ALIMONY.
   There is no rule that a wife is entitled to one-third of her husband's income, irrespective of the relation of the income to reasonable expenditures, as alimony pendente lite.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 632–634; Dec. Dig. § 215.*]

2. DIVORCE (§ 215*)—TEMPORARY ALIMONY.
   Where a husband has an income largely in excess of his reasonable needs for the maintenance of the family in lavish abundance, and pending divorce he has made an allowance to his wife of $25,000 per year for her support, the court will not order an award of alimony at a greater rate.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 632–634; Dec. Dig. § 215.*]

Action by Kathrine C. Gould against Howard Gould for divorce. Motion for alimony and counsel fees.

Clarence J. Shearn, for the motion.
De Lancey Nicoll and Archibald R. Watson, opposed.

BISCHOFF, J. From the papers submitted on this application for alimony, and on allowance by way of counsel fee in an action for a separation, it appears that the plaintiff—the wife—is in receipt of an allowance of $25,000 per annum as a provision voluntarily made by the defendant for her support; but it is insisted on the part of the plaintiff that this sum is inadequate to the needs of her station in life, and an award of $120,000 a year is sought, upon averments which the court is asked to accept as supporting the proposition that such an allowance would be no more than reasonable. In its last analysis the argument of counsel for the plaintiff may be stated to be that $120,000 a year should be allowed to the wife pending her action for a separation, because her husband's income is four times that amount, and she has become versed in the details of spending it; and, while the schedule of her needs, which she submits, appears to fall somewhat short of $7,000 a month, it is perhaps conceivable that some of the items of necessaries

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

may be increased if she should enter upon the task of distributing money for them. If two automobiles, at a cost of $6,000 each, must become worthless within a year, it may be necessary, through a slight mischance, to purchase still another during that time, and the plaintiff's estimate of $12,000 for this incident to her support could readily be increased to $18,000, if her experience of mechanical matters from the disbursing view point is reliable. Again, the figures submitted for suitable apparel during the year might conceivably be increased much beyond $15,000, since the basis adopted is not what is to be worn, but what is to be bought; and in view of the fact that the estimate of $7,000 a month does not include anything for charitable donations or for traveling expenses, I may take it as established that the plaintiff could physically succeed in spending $120,000 a year, if the court should direct her husband to give her the means, and this without her having assets to show for the expenditure at the end of the year, other than articles which she could conveniently give away to make place for the disposal of the next year's cash.

This, however, does not meet the case, so far as judicial discretion is to be exercised upon an application for alimony pending a matrimonial action. Undoubtedly the rule, as many times announced, is that the court is not to limit the award of alimony to what is adequate to the wife's bare subsistence. The wife is to be maintained in a manner fitting to her station in life; and for this purpose the alimony may sometimes be one-third or even one-half of the husband's income, if that result is reasonably necessary. The expressions "station in life," "social position," "rank in the community," or similar phrases, when used in the opinions of the court upon this subject, however, are all found to relate to the distinction which is reasonably made between the living expenses of people in humble pecuniary circumstances and those whose incomes justify a scale of living not hampered by the same monetary restrictions; but in every case of the kind the largest incomes considered by the court were such as could well be applied, in whole, for the support of a family according to the usual scale of living. No rule has ever been adopted by the courts that a wife is entitled to one-third of her husband's income, irrespective of that income's relation to reasonable expenditures by the person who possesses it; and, in the case of an income which is many times excessive of all reasonable needs for the maintenance of a family in lavish abundance, the principles of apportionment for the wife's support, which have been applied to cases of ordinary living incomes, have no real cogency. Now, in the present case, the plaintiff asserts a certain "station in life," because of her marriage to a man of great wealth. That "station" has been exemplified through his establishing very expensive places of abode, his maintenance of a large yacht, and his employment of his income generally in such wise as to obtain the luxuries which are within the gift of civilization; and, while she lived with her husband, the plaintiff participated in the surroundings of this "station." The continuance of this style of living, however, is solely at the husband's will. He was entitled to spend his own money at his own choice, but no law compelled him to continue the spending; and, had he at any time seen fit to live and support his wife at the rate of $50,000 or

$25,000 a year, certainly no court would be found to frown upon his policy or to give heed to the wife's plaint that she had suffered grievous injury to her "station in life." Her marriage to the defendant, then, which involved no assignment to her of any particular fraction of his income, brought her to a station equal to that of the wife of any man of ample means—as the question is presented with reference to an award of alimony—but that station is not to be deemed fixed by the one time scale of the husband's extravagance, nor by her own ability to meet him halfway. What the husband should provide to enable his wife to live as the wife of a man of wealth, when separate and apart from him—that is, what scale of living he should adopt as measuring his wife's station in life out of an income which far exceeds all possible needs of a family—is a question which the present motion does not really involve for judicial determination, since I may take the husband's voluntary payment of $25,000 a year to the plaintiff as indicating that her pecuniary "station in life" is properly to be measured upon the basis of that payment. This would indicate a gross income applicable to the family expenses, according to the usual alimony rule, of $75,000 per annum, and the court is not to say that this is inadequate to reasonable living in a sufficient state in life, in view of the measure which is afforded by the annual salary of $50,-000 judiciously noted by the court as the provision made by law to maintain the chief executive of this nation.

Whether or not an annual allowance greater than $25,000 should be made to the plaintiff as permanent alimony for her sole support, if she finally succeeds in the action, this sum is amply sufficient as alimony pendente lite in accordance with the rule which requires that, pending a matrimonial action, an award of alimony should be limited to the real necessities of the wife's proper and reasonable support (Lawrence v. Lawrence, 3 Paige, 267; 2 Bish. Marr. Div. & Sep. §§ 948, 951), and, indeed, within the principles which I have noted, the amount would appear to be an adequate award by final judgment.

In fixing the amount of the counsel fee to be allowed, I have taken into consideration the facts presented by the affidavits on both sides as showing the nature of the dispute between these parties in its bearing upon the character of the services which counsel for the plaintiff will probably be called upon to render when presenting her side of the controversy at the trial; but this allowance is wholly prospective, and cannot include compensation for professional services rendered heretofore upon the plaintiff's credit. Under the circumstances, a counsel fee of $5,000 appears to be reasonably adequate; and that amount will be allowed, without prejudice to a subsequent application for an increase, should the litigation at the defendant's hands result in the necessary expenditure of this amount before the cause comes to judgment.

Alimony awarded at the rate of $25,000 per annum, payable in monthly installments.

Ordered accordingly.